Filed 6/22/26  P. v. Hayden CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DAVID MICHAEL HAYDEN II,<br><br>        Defendant and Appellant. | A173360<br><br>(Mendocino County<br>Super. Ct. No. 24CR06314) |

In December 2024, David Michael Hayden II, a convicted felon, was found in possession of a Ruger .22 caliber semi-automatic rifle in Mendocino County.  Hayden's prior felony convictions included possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)), two separate convictions for possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); all further statutory references are to this code), and first degree burglary (§§ 459, 460, subd. (a)).  At the time of the instant firearm-possession offense, Hayden had a suspended four-year sentence from his prior first degree burglary conviction and was on probation for that offense.

On January 9, 2025, the prosecution filed an information charging Hayden with one count of unlawful possession of a firearm by a felon (§ 29800, subd. (a)(1); count 1) and one count of possession of a silencer

1

(§ 33410; count 2). The information further alleged a prior strike conviction (§§ 667, 1170.12) and several aggravating factors (Cal. Rules of Court, rule 4.421(a)(2), (7) & (8), (b)(2)–(5)).

On March 28, 2025, as part of a negotiated plea agreement, Hayden pleaded no contest to count 1 (unlawful possession of a firearm) in exchange for a sentence of eight months in prison, the dismissal of count 2 with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, and dismissal of the prior strike allegation. That subordinate eight-month sentence (equivalent to one-third the middle term of two years) was to run consecutively to the previously suspended four-year sentence, now to be imposed as the principal term, from Hayden's prior burglary conviction. The plea deal included an assurance that Hayden's domestic partner would not be charged as an accessory for conversations with Hayden regarding creating false testimony for Hayden's instant felony firearm possession charge.

Before his plea was entered, Hayden initialed and signed a form acknowledging he knowingly and voluntarily waived his rights. Additionally, during the plea hearing, the trial court addressed Hayden directly and confirmed Hayden's knowing and voluntary waiver of his rights.

On April 23, 2025, at Hayden's sentencing hearing, defense counsel informed the trial court that Hayden was seeking to withdraw his plea on the basis that it was coerced, but no formal motion to withdraw the plea was made. Before addressing the request, the court continued the hearing to research the issue and allow time for any formal motion to be brought.

When the hearing resumed, defense counsel withdrew the informal request to withdraw the plea and agreed to proceed to sentencing. Per the negotiated plea, the trial court imposed the previously suspended sentence on the prior burglary offense and sentenced Hayden to a consecutive term of

2

eight months on the instant offense.[1]  The court permanently stayed a $40 court security fee and $30 criminal conviction assessment, imposed a $300 restitution fine, and imposed, but stayed, a $300 parole revocation fine.

On June 23, 2025, Hayden filed a timely notice of appeal, checking the box on the Judicial Council form that there was an "[o]ther basis" for the appeal.  Hayden accordingly sought a certificate of probable cause on the ground that his no contest plea was coerced, asserting he interpreted the negotiated plea to mean that if he did not accept the plea deal, his domestic partner would be prosecuted.  The trial court granted the request for a certificate of probable cause.

Counsel for Hayden has filed a brief asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  The brief includes counsel's declaration stating that counsel informed Hayden that a *Wende* brief would be filed on his behalf and that counsel apprised Hayden of his right to file a supplemental brief within 30 days.  More than 30 days have elapsed, and Hayden has not filed a supplemental brief.

Having independently reviewed the record, we find no reasonably arguable appellate issue.  (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

The judgment is affirmed.

---

[1] Only the instant unlawful possession of a firearm offense is at issue in this appeal.

PETROU, J.

WE CONCUR:

FUJISAKI, Acting. P. J.

RODRÍGUEZ, J.

A173360 / *People v. Hayden*